# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | § | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:11cr127 |
| | § | (Judge Crone) |
| BAJUNE MOSEBY(13) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court are Defendant's *pro se* Motion to Dismiss (Dkt. #314) and Motion for a Speedy and Public Trial (Dkt. #393). These motions were referred to the undersigned for a decision. Having considered the relevant pleadings, the Court finds that these motions have no merit and should be denied.

### Background

On June 8, 2011, Defendant was indicted for the offense of Conspiracy to Possess with the Intent to Distribute Marijuana in violation of 21 U.S.C. § 846. On June 24, 2011, Defendant had his arraignment. Also on June 24th, the Court conducted a detention hearing, and at the conclusion of the hearing, Defendant was detained and an order was issued on June 28, 2011. An order also was issued setting the pretrial conference for August 1, 2011.

On July 11, 2011, Defendant filed a motion to continue the final pretrial conference. The motion was granted, and the pretrial conference was reset for October 3, 2011. Defendant's case was transferred from Judge Michael H. Schneider to Judge Marcia A. Crone on July 25, 2011. On August 24, 2011, the Court, *sua sponte* issued an amended pretrial order, resetting the final pretrial conference for November 7, 2011. On September 16, 2011, Defendant filed a motion to reconsider the Court's detention order. A hearing on this motion was held on October 3, 2011, and an order was issued on this motion on October 14, 2011.

Also on October 3, 2011, co-defendant Kevin Harden filed a motion to continue the pre-trial setting. Defendant did not file any opposition to this motion. On October 11, 2011, the Court

granted the motion to continue and reset the pretrial conference to January 9, 2012. On December 13, 2011, Defendant filed a motion to proceed *pro se*. On December 14, 2011, Defendant filed his second motion to continue the pretrial setting. The Court granted the motion on December 15, 2011, resetting the pretrial conference to March 12, 2012.

On January 11, 2012, Defendant was indicted in a superseding indictment for the offense of Conspiracy to Possess with the Intent to Distribute Marijuana in violation of 21 U.S.C. § 846. This superseding indictment added Matthew White to the indictment.

Defendant's motion to proceed *pro se* was heard on January 12, 2012, and granted on the same date. Defendant filed a motion for copies of arrest warrants, a motion to receive criminal complaints and affidavits, and a motion for additional discovery on January 18, 2012. These motions were denied on January 19, 2012. On January 24, 2012, Defendant filed a motion to inspect grand jury minutes, a motion for "access to the courts," and a motion for leave to proceed *in forma pauperis*. The latter motion was denied as moot on February 3, 2012. The motion for access to the courts was denied on February 6, 2012. The motion to inspect grand jury minutes was denied on February 13, 2012.

The Government filed a motion for a special trial setting on February 9, 2012. The Court granted the motion in part on February 10, 2012, resetting the pretrial hearing to May 14, 2012. No special trial setting was issued. The latest defendant to make his appearance in this case, Matthew White, was arraigned on February 13, 2012. On February 28, 2012, Defendant Moseby filed another motion to reopen his detention hearing. The Court denied this motion on March 6, 2012. On April 3, 2012, Defendant filed a motion "For Revocation or Amendment of Orders." On April 9, 2012, Defendant filed another motion to reconsider his detention hearing. This motion was scheduled to be heard on April 26, 2012. On April 9, 2012, Defendant filed a motion for an omnibus hearing. This motion was denied on April 17, 2012. On the same date, Defendant filed a motion to adopt motions that had been filed by co-defendants.

On April 11, 2012, the Government filed a second motion for special trial setting and a motion to designate the case complex under 18 U.S.C. §§ 3161(h)(7)(A) & (B)(ii). The Court granted both motions on April 23, 2011, resetting the final pretrial conference to November 5, 2012.

On April 17, 2012, Defendant filed a motion to dismiss based upon violation of his speedy trial rights (Dkt. #314). On April 24, 2012, the Government filed a response (Dkt. #322). On July 20, 2012, Defendant filed a motion for a speedy and public trial (Dkt. #393). On July 25, 2012, the Government filed a response (Dkt. #402). On August 6, 2012, Defendant filed a rebuttal to the Government's response (Dkt. #423).

## Discussion

Defendant argues the Court should dismiss the Indictment against him based on the Speedy Trial Act of 1974 ("Speedy Trial Act"), 18 U.S.C. § 3161 *et seq.* and the Sixth Amendment to the United States Constitution.

**Speedy Trial Act**

Congress enacted the Speedy Trial Act to serve both the interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *Zedner v. United States*, 547 U.S. 489, 501 (2006). The public has an interest in swift justice because a timely trial has a potentially greater deterrent effect, and a timely trial reduces the defendant's opportunity to commit crimes while on pretrial release. *Zedner*, 547 U.S. at 501. The criminal defendant has an interest in a speedy trial to prevent oppressive pretrial incarceration, to minimize the defendant's anxiety and concern, and to limit the possibility that the defense will be impaired. *Barker v. Wingo*, 407 U.S. 514, 520-22 (1972) (explaining the interests of a defendant in a speedy trial for Sixth Amendment purposes).

To accomplish these goals, the Speedy Trial Act generally requires a criminal defendant's trial to begin within seventy days of the defendant's indictment or initial appearance. 18 U.S.C. § 3161(c)(1). Failure to meet the deadlines results in dismissal of the indictment. 18 U.S.C. § 3162(a)(2). Despite its strict deadlines, the Speedy Trial Act "recognizes that criminal cases vary

widely and that there are valid reasons for greater delay in particular cases. To provide the necessary flexibility, the Speedy Trial Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner*, 547 U.S. at 497 (citing 18 U.S.C. § 3161(h)).

Several of those exclusions are relevant in this case. First, 18 U.S.C. § 3161(h)(1) automatically excludes "[a]ny period of delay resulting from other proceedings concerning the defendant." 18 U.S.C. § 3161(h)(1); *Bloate v. United States*, 130 S.Ct. 1345, 1349 & n.1 (2010). Section 3161 provides examples of proceedings that concern the defendant: delays resulting from pretrial motions, delays resulting from a transfer of a case, and delays attributable "to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(D)-(E), (H).

Second, the Speedy Trial Act excludes "[a]ny period of delay resulting from a continuance granted by any judge ... if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The statute provides a non-exclusive list of factors courts consider, including the complexity of the case, the number of the defendants, the time needed to prepare for trial, and whether a continuation is necessary to avoid a "miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B).

Third, § 3161(h)(6) excludes a "reasonable period of delay when the defendant is joined for trial with a codefendant." 18 U.S.C. § 3161(h)(6). Therefore, all "defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant and that the excludable delay of one co-defendant may be attributed to all defendants." *United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir. 1994); *see also United States v. Whitfield*, 590 F.3d 325, 357 (5th Cir. 2009).

Fourth, where a superceding indictment has been issued that adds a new defendant, the Speedy Trial Act clock does not begin to run until the last co-defendant on the superceding

indictment has been arraigned. *See United States v. Harris*, 566 F.3d 422, 428-29 (5th Cir. 2009). In this case, the last co-defendant, Matthew White, was arraigned on February 13, 2012 which means that this is the date on which the Speedy Trial Act clock began to run. Under § 3161(h)(1)(F), the time between the defendant's motion and this Court's Order granting the motion is excludable. *See United States v. Johnson*, 29 F.3d 940, 944 n.6 (5th Cir. 1994).

Defendant merely files generic motions and makes no attempt to calculate his speedy trial time. According to the Government, the only time that has accrued on Defendant's Speedy Trial Act clock was from March 12, 2012, until April 3, 2012, which would be 21 days. The Government also correctly points out that the Court's order of April 23, 2012, designating this case as complex under 18 U.S.C. §§ 3161(h)(8)(A) & (B)(ii), tolls the speedy trial clock from this point forward. *See United States v. Williams*, 314 F. App'x 656, 659 (5th Cir. 2009).

As explained above, each of the periods above are properly excluded under the Speedy Trial Act. Thus, there is no Speedy Trial Act violation in this case.

**The Sixth Amendment**

In addition to his argument based on the Speedy Trial Act, Defendant asserts generally that dismissal is appropriate under the Sixth Amendment to the United States Constitution.

The Sixth Amendment guarantees "the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The right attaches when the federal government officially accuses the defendant, either by arrest or indictment. *See United States v. MacDonald*, 456 U.S. 1, 6 (1982). Unlike the Speedy Trial Act, the constitutional right to a speedy trial cannot be "quantified into a specified number of days or months." *See Barker*, 407 U.S. at 523, 530. Therefore, courts employ a functional approach to determine whether a defendant's right to a speedy trial has been violated. *Id.*

The Court applies the *Barker* four-factor test and considers (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant.

*Barker*, 407 U.S. at 530. According to the Fifth Circuit, courts "evaluate the first three factors (delay-length; reason for it; diligence in asserting right) in order to determine whether prejudice will be presumed or whether actual prejudice must be shown." *United States v. Frye*, 372 F.3d 729, 736 (5th Cir. 2004). "Prejudice may be presumed where the first three factors weigh 'heavily' in the defendant's favor." *United States v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006). "In all of this, courts do not engage in a rigid analysis, but engage in the 'functional analysis of the right in the particular context of the case.'" *Frye*, 372 F.3d at 736 (quoting *Barker*, 407 U.S. at 522).

In this case, the first factor is the length of the delay. First, in order to even initiate a speedy trial analysis, "an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). In the Fifth Circuit, a post-accusation delay approaching one year is generally sufficient to trigger a speedy trial analysis. *See United States v. Bergfeld*, 280 F.3d 486, 488 (5th Cir. 2002). Second, once a defendant has made a showing that the delay experienced has reached the appropriate threshold, a court is required to examine the other factors in the test. Defendant was first arraigned on June 24, 2011, but was indicted on a superseding indictment on January 11, 2012, and the case is set for final pretrial conference in November 2012. This amount of time is marginal and weighs against Defendant. The length of the delay in Defendant's case is not long enough to presume prejudice based on this factor alone. *See United States v. Parker*, 505 F.3d 323, 328-29 (5th Cir. 2007) ("We have held that delays of less than five years are not enough, by duration alone, to presume prejudice."). The Court will assume, without deciding, that the delay is approximately one and a half years. This factor does not weigh in Defendant's favor. *See Parker*, 505 F.3d at 329 n.2 (citing cases that hold that fourteen months, sixteen months, and three years and nine months are insufficient delays to presume prejudice).

The second factor, the reason for the delay, cuts against Defendant. The second factor largely focuses on the conduct of the government. If the government "acts in bad faith, intentionally holding

up prosecution for the purpose of prejudicing the defendant," this factor will strongly cut in favor of the defendant. *Hernandez*, 457 F.3d at 421 (citation omitted). In this case, Defendant does not allege the Government acted in bad faith or negligently, and the record reveals that the Government has diligently pursued this case.

The third factor, the defendant's assertion of the right, occurred on April 17, 2012. Although in his motion, Defendant has asserted his right to a speedy trial, that factor is alone insufficient to establish a presumption of prejudice. Because the first three *Barker* factors must weigh heavily in Defendant's favor to support a presumption of prejudice, the Court holds that prejudice is not presumed. Moreover, this case has been set for final pretrial conference and trial on September 10, 2012, which is only five months after Defendant asserted his speedy trial right.

The Court finds that the first three factors do not weigh heavily in Defendant's favor. *See Frye*, 372 F.3d at 737. Therefore, the Court will not presume prejudice, and Defendant must show actual prejudice, which Defendant makes no such showing. In conclusion, the Court holds that Defendant's Sixth Amendment right to a speedy trial was not violated.

## RECOMMENDATION

The Court recommends that Defendant's *pro se* Motion to Dismiss (Dkt. #314) and Motion for a Speedy and Public Trial (Dkt. #393) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th

Cir. 1988).

**SIGNED this 7th day of August, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE